# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOSE CARLOS BELALCAZAR-VALLEALLA,

     Petitioner,

v.

                                CASE NO. 8:10-CV-1964-T-27TBM
                                CRIM. CASE NO. 8:05-CR-365-T-27TBM

UNITED STATES OF AMERICA,

     Respondent.

_____/

## ORDER

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (hereinafter "§ 2255 motion") challenging his 2006 plea-based convictions for conspiracy to possess and possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (CV Dkt. 1).[1]  Upon consideration, the Court concludes that Petitioner's § 2255 motion is time-barred, and Petitioner has not alleged a sufficient basis for equitable tolling. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("we hold that district courts are permitted . . . to consider, sua sponte, the timeliness of a . . . habeas petition").

**Background**

Petitioner pleaded guilty to Counts One and Two of the Superseding Indictment (CR Dkt. 363).  On October 25, 2006, judgment was entered, and this Court sentenced Petitioner to 144 months imprisonment, and 5 years supervised release (Id).

_____

[1]Petitioner also filed a motion for appointment of counsel (CV Dkt. 2).

Petitioner filed a direct appeal. On November 15, 2007, the Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentence (CR Dkt. 501).

On February 13, 2008, Petitioner filed a petition for writ of certiorari in the United States Supreme Court (CV Dkt. 1-2). The petition was denied on June 16, 2008 (Id.); *Mina v. United States*, 128 S. Ct. 2933 (2008).

**Timeliness Analysis**

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for filing motions under 28 U.S.C. § 2255, to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; (3) the date on which the right asserted was initially recognized by the United States Supreme Court; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (April 24, 1996).

For final judgments entered after the April 24, 1996, effective date of the AEDPA, the statute of limitation begins to run on the date the district court's judgment of conviction becomes final. Petitioners' judgment of conviction became final on June 16, 2008, when the Supreme Court denied his petition for writ of certiorari. *See Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006) ("If a prisoner petitions the Supreme Court for a writ of certiorari, his conviction becomes final when the Supreme Court denies the petition or affirms the conviction.") (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). After the judgment became final, Petitioner

2

had one year, or until June 15, 2009, to file his § 2255 motion. Petitioner did not sign his § 2255 motion until August 27, 2010 (CR Dkt. 1 at pg. 6). The present § 2255 motion, therefore, was not filed within one year after the judgment was final. Accordingly, Petitioner's § 2255 motion is untimely.

**Equitable Tolling**

The § 2255 motion is time-barred and subject to dismissal unless Petitioner can show that he was prevented from filing a timely § 2255 motion because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (Equitable tolling appropriate when movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.). *See also, Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation and internal quotations omitted). The burden of establishing entitlement to this extraordinary remedy plainly rests with the Petitioner. *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002), *cert. denied*, 537 U.S. 1237 (2003).

Petitioner appears to assert that he is entitled to equitable tolling of the limitation period from June 16, 2008, when the Supreme Court denied his petition for writ of certiorari, through June 30, 2010, the day on which the Supreme Court informed him that his petition for writ of certiorari was denied. Petitioner is not entitled to equitable tolling, however, because he wholly fails to demonstrate he diligently pursued his rights. Whether a habeas petitioner has exercised due diligence is context-specific, and the essential question is "whether the petitioner should be

3

expected to take actions which would lead him to the information." *Wilson v. Beard*, 426 F.3d

653, 661-62 (3d Cir. 2005). While the due diligence standard does not require "the maximum

feasible diligence," it does require reasonable diligence in the circumstances. *Schlueter v. Varner*,

384 F.3d 69, 74 (3d Cir. 2004). Petitioner does not allege that he made a single inquiry to his

attorney as to the status of his petition for writ of certiorari between the time it was filed on

February 13, 2008, until the time he filed his § 2255 motion on August 27, 2010. In fact,

Petitioner does not allege that he ever contacted his attorney at any time to inquire about the

status of his petition for writ of certiorari. Instead, Petitioner only asserts that he waited until

June 21, 2010, more than two years after the petition for writ of certiorari was filed, to write a

letter to the United States Supreme Court requesting the status of his petition for writ of certiorari

(CV Dkt. 1-1). Attempting to ascertain the status of his petition for writ of certiorari was a

burden necessary to sustaining Petitioner's claim of extraordinary circumstances. *See, e.g., Drew*

*v. Dep't of Corr.*, 297 F.3d 1278; *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (Petitioner

"did not exercise the requisite due diligence by allowing more than twenty-one months to lapse

from the filing of his petition for allowance of appeal until he inquired with the Pennsylvania

Supreme Court's Prothonotary's Office as to its status."). Petitioner fails to show that "he has

been pursuing his rights diligently[.]" *Holland*, 130 S. Ct. at 2562.

  In sum, even accepting Petitioner's explanations for why he did not timely file as true, he

has not demonstrated any extraordinary circumstances that were "unavoidable even with

diligence." *United States v. Scott*, 294 Fed. Appx. 603, 607 (11th Cir. 2008) (unpublished

opinion).

  ACCORDINGLY, the Court **ORDERS** that:

4

1. Petitioner's § 2255 motion to vacate (CV Dkt. 1) is **DISMISSED** as time-barred.

2. Petitioner's motion for appointment of counsel (CV Dkt. 2) is **DENIED**.

3. The **Clerk** is directed to terminate any pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255 motion is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on _NOVEMBER  15ᵗʰ_, 2010.

_____
JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*